The next case today is Lynette S. Wilson v. Dennis Richard McDonough, et al., Appeal No. 21-1498. Attorney Tutt, please introduce yourself for the record and proceed with your argument. Thank you, Your Honors, and may it please the Court, my name is Andrew Tutt. I represent the plaintiff appellant Lynette Wilson. I'd like to reserve two minutes for rebuttal. This is an important case for the rules of civil procedure and for basic fairness. The VA constructively discharged Ms. Wilson by using her asthma to make it impossible for her to work. She brought a claim to the MSPB and appealed its ruling to the Federal Circuit. It turns out that was not the correct court, but eventually she filed a complaint that states four plausible claims in the District of Maine. Ms. Wilson deserves to have those claims heard on the merits. But the District Court dismissed her case not on the merits, but on grounds of waiver. Specifically, the Court held that she waived her arguments against dismissal because she failed to develop them in her opposition to the motion to dismiss, and that she conceded the whole motion by filing her opposition to the motion to dismiss 30 days late. Those two rulings were in error. The District Court should not have deemed the arguments waived on the basis of the quality of the opposition to the motion to dismiss. The correct focus of a motion to dismiss a complaint on the basis of failure to state a claim must be on whether the complaint fails to state a claim. The District Court should not have deemed the whole motion waived merely because it was filed late. Again, the focus should have been on the complaint because that is what the rules require. Because Ms. Wilson's complaint states a claim... Can I ask you something a little more specific? Yes. If she had not brought a discrimination claim, could she have brought her claim in the District Court? I think that, as we have said in two different briefs, that remains unclear. The law of this case, the way that the Federal Circuit interprets the law, if she had not brought a discrimination claim, she still would have had jurisdiction in the District of Maine. Yes. Because the facts would still give rise to a discrimination claim. No, no. So she would have discrimination... Oh, yes, Your Honor. I'm asking a different question. Forget the history of this case. Suppose just she woke up in the morning and she walked into the District Court and she said, I am not bringing a discrimination claim. Here are my claims unrelated to discrimination about what happened to me. Would she have been able to get into District Court if that is what happened? So the answer is yes, I think, although it's a difficult question under Supreme Court precedent because her allegations would have been rooted in discrimination. And that is the reason that we're in the District of Maine. Even if she insisted to the District Court that they were not? Well, that's what becomes the issue is that there's an ambiguity about what it means to make a discrimination claim. No, I'm not... Yes, Your Honor. You're trying to talk about this case. I just want to get the analytics of it right. If she says to the District Court, I am not bringing a discrimination claim. Can the District Court hear these claims? So... And she says, whatever you think discrimination has to mean for it to be in that court, she says, if that's what you mean by discrimination, that's what I'm not bringing. Could she then bring it in District Court? So, but just to get on the same factual basis, is she bringing us like a CSRA claim that says they used my inability to walk up the stairs to constructively discharge me, but she's just not bringing a discrimination claim because she's not bringing it under the ADA. She's bringing it under the CSRA. And the answer, I think, under the... It is a plausible reading of Supreme Court precedent, a perfectly good reading of Supreme Court precedent to say that that is still a mixed case. Because there's an allegation of discrimination because if she had decided to bring the discrimination claim in Maine, the court would have had jurisdiction of it because it's still a mixed case. What I'm asking is if she then represents to the District Court that she is not bringing that discrimination claim and has no intention of doing so, does the District Court then have to hear the CSRA claim? I think it does because otherwise it would belong in the federal circuit. And that would be this case. I'm not trying to be evasive in the slightest. It's very difficult to understand what a mixed case is. Is it about factual allegations or is it about bringing a freestanding legal claim under the discrimination laws? Yeah, but I guess my question is when the plaintiff is telling the District Court I shouldn't be here, it seems to me the District Court is somewhat entitled to say, okay, have it your way. You can't be here. And then when they come back and say, oh, well, no, what I told you before, forget that. Now I want to be here. The District Court is entitled to say you can't switch around like that. You can't make an argument to me that's favorable to you on the one hand in order for me to send you back somewhere else and then come back and say no, opposite. So what's the answer to that? Because the way you were framing the case wasn't addressing that, but that's a key piece of, as I understand it, the District Court's reasoning. Let me give you how I would understand it in the context of the case that you're describing and I think a fair representation of what happened here, which would be you bring a case and you actually file a complaint in the District of Maine and it doesn't allege discrimination as a freestanding claim. So there's no violation of the discrimination laws in the complaint. And so the court says, well, you haven't brought a discrimination claim. Are you planning to? And the person says no. And they're like, I'm going to dismiss your case then because you don't have a discrimination claim. And then the person says, I would like to amend my complaint to add a discrimination claim. Under the law of this circuit and any circuit. Did she say that? What happened was she's only filed one operative complaint in this case. So she didn't. So she didn't seek to amend. Because there was never a complaint before the complaint was first filed in Maine. That makes it hard to amend it. So that's why we don't have the case you're talking about. Then you could file a new complaint. Well, yes, Your Honor, except that the only reason there wasn't a complaint to amend is just because it was first styled as a petition to review a MSPB determination. And those aren't aren't under the same sort of provisions. But the principles of the amended complaint cases map on, I think, directly to this case, which is that she had a case that was proceeding without a discrimination claim. And then she amended or she she filed the operative pleading, the now operative pleading in this case. And it has a discrimination claim. And courts have never penalized plaintiffs for amending their allegations to say, I, I didn't have a complaint that was that was viable for whatever reason before, but I'm amending it. And now I'm adding a claim that's that I have to have counsel. That doesn't work. The underlying facts didn't change. She didn't learn something new that would lead to an amendment of a complaint. Everything was in the same position. Nothing new was learned. She does not assert a discrimination claim. Then she tells the District of Maine, gosh, I'm not asserting a discrimination claim. Send it back. So you seem to be wanting to ignore timing deadlines. You seem to be wanting to ignore that the plaintiff is the mistress of her own complaint. You seem to be ignoring judicial estoppel. Your Honor, I, I think that the better way to see this case is a case where there were efforts, honest efforts to try to file this case in the right place to try to get this case heard on the merits. Well, she may have a malpractice claim against her lawyer if you decide to pursue that. But the government has defended the dismissal on the basis of lack of timeliness plus her representations to the district court. So why shouldn't we just affirm on that basis? I just think it would be it would be deeply inconsistent ultimately and unfair to Miss Wilson to penalize her by her losing her entire case. We as a federal court have equitable discretion to ignore timing limits and judicial estoppel and admissions representations she made. And that suggests a degree of lawlessness on our part that is certainly unfortunate. No, not not at all. I'm not asking this court to to excuse or do anything that the law and the rules don't allow. As an initial matter, you're asking us to ignore the fact that if there was a discrimination claim, it had to be filed within 30 days, not 60 or 59 as happened here. If she had filed within the 30 days in either court, as the government points out, at least she would have had an option to be in the right place in a timely fashion. So let me address that squarely. I mean, first, the court does not have to reach it because it's not, at least as I read the district court's opinion, not actually been ruled on. And maybe it's a difficult question, but let the district court address it on the merits. In the first instance, it just hasn't been addressed yet. But if you want to consider it and you want to look at it, the complaint does not foreclose. It does not plead itself out of court on timeliness. There is no evidence of when the statute of limitations began to run in this case. They are supposed to send you a letter in the mail telling you that your decision is final. Her counsel signed up for the electronic case filing and got the notice. Your Honor, that was 30 days before it was approved. Do you want us to undermine the electronic case filing notice? So it's important just to point out that that electronic case filing notice came 30 days before the decision was even appealable to a federal court. And it gave her the notice of when the appeal had to be taken. And as Judge Thompson pointed out, she did not, at that point, choose to make a discrimination claim. I believe you've reserved some time. Yes, yes, Your Honor. May I make just one point? You don't have to let me. Also, she could be entitled to equitable tolling. And if she is, and if the complaint needs to show that, dismiss without prejudice. Let her amend the complaint to show equitable tolling. I appreciate the time. Thank you, Your Honor. Thank you. Thank you, Mr. Tutt. Please mute your audio and video at this time. Attorney Osborne, please unmute and introduce yourself on the record to begin. Good morning. John Osborne, Assistant United States Attorney, District of Maine for Defendant's Appellees, which with court's permission, I'll just refer to as the VA. Happy to take questions, or I can proceed with some prepared remarks. Go on to make your argument. Thank you. So there are a number of issues that were raised by an appellant in this case. A lot of those issues are distractions. I'd like to start with just to reiterate the context in which this decision was handed down. The district court judge was in some fairly difficult circumstances in trying to understand what she was dealing with. She was faced with the vacillation of Ms. Wilson's counsel, not Mr. Tutt, a different lawyer, in his interest in discerning a discrimination claim at all. Obviously, that position was taken for quite some time, and uniformly that no discrimination claim was intended. The judge was faced with a clear disinterest by Ms. Wilson's counsel in proceeding in any manner in the district court. The judge was faced by a complaint that has glaring fatal deficiencies, and the judge was faced by an opposition brief that is largely unintelligible. Our position, Your Honor, is that in those circumstances, the text of the judge's order demonstrates that she did, in some manner, independently evaluate the two primary claims made by the government, a subject matter jurisdiction claim. I note this was not just a 12v6 motion to dismiss, and a timeliness claim, which would be evaluated under a 12v6 rubric. If you look at the language in her order, she did look at, with regard to subject matter jurisdiction, she looked at the relevant procedural record before her, the representations of counsel for Ms. Wilson. She looked at the arguments made by the government. She referenced case law supporting her position on judicial estoppel. I note that that was case law that the government did not reference. Clearly, she was not just parroting back. Let me see if I can understand the import of what you're saying. Are you saying there was a subject matter jurisdiction ruling by the district court? Yes. If there was, then I understand that that makes it impossible to amend the complaint because there's a jurisdictional limitation when it comes back. Is that the idea? Yes, Your Honor. The thing that's just a little puzzling is, or maybe this would help me figure it out, suppose that the complaint that we're dealing with, the wording of the complaint is identical to how it is now. Suppose the plaintiff had said, rather than this is not a discrimination claim, had said this is a discrimination claim. With that representation, would this complaint have sufficed to trigger subject matter jurisdiction in the district court? It would not, Your Honor, and that's because, again, this is a ruling based on judicial estoppel. It's not a ruling based on the specific factual allegations in the complaint. It's based on the behavior. I understand, but the estoppel, I think you're doing what, maybe that's the way I'm asking the questions, but I think you're doing what the opposing counsel did, too. You're leaping to an assumption about my question that I don't mean for you to make. Just imagine there is a text of a complaint, hypothetically, that is identical to the text of this complaint, and the hypothetical plaintiff bringing that complaint represents to the district court that that complaint states a discrimination claim. Would a complaint written this way, with that representation, suffice to trigger subject matter jurisdiction in the district court? I do not think so, Your Honor. Okay, if that's the case, then your position doesn't turn on judicial estoppel at all. Oh, well, okay, setting aside judicial estoppel, yes, it would. It would, right, it would, exactly. Right, the representation then would, so I guess this is the puzzling thing about a case like this. I understand there's judicial estoppel, and I understand why the district court was relying on it, given the arguments being made, but the slightly puzzling thing is, in this instance, the characterization of the complaint is determinative, on your view, of whether there's subject matter jurisdiction. So what is the difference between amending the complaint, filing a new complaint, and then just changing the representation? She can file a new complaint. She can amend the complaint. What she does is say, oh, I said X yesterday. I'm saying Y today. The text of the complaint's identical, and you're conceding that the representation is what determines the subject matter jurisdiction. So I take that that's the thrust of your opponent's argument, that it's overly formalistic to rely on judicial estoppel here. If that's so, why is that wrong? Well, because changing the label on the complaint but maintaining the text would leave her with claims that she does not have a statutory right to make. Irrespective of what she calls her claims, she's still filing for claims of discrimination, which is inconsistent with the representation she made to both the federal circuit and the district court judge. So maybe I'm mis- Well, she says that she wasn't disavowing a claim of discrimination, that it was a limited disavowal for the strict purpose of getting federal circuit jurisdiction. I mean, do you see that as a difference? As opposed to a complete abandonment of the claim for any purpose or any other purpose? Well, I think we're talking about it. This is judicial estoppel, right? And it's a discretionary doctrine. And I think we're talking about a difference of degrees here, not a difference of kind. And I guess what I would say is, if there had been one attempt, if the attempt had been to, her first attempt, which was her ambiguous documentation to the federal circuit when she first filed her petition for review, if that had been it, well, then it may be a bit harsh to hold her to that and deny her ability to file a discrimination claim in Maine. But that wasn't it. And I think that's where things change here, in that there is a repeated and consistent attempt by her counsel to- Three minutes remaining. convince the judge, I don't want to be here. I'm not filing a discrimination claim. We're not going to file that. We want an arbitrary and capricious review of non-discrimination issues arising out of the MSPB ruling. And because of, again, because of the- It's just, it's a consistent position up until it changed back to her then wanting it to be a discrimination claim. So I guess the point is that at that point, when she then is saying it is, why is it necessarily too late then, given the unusual circumstances here? But at that point, then she had already achieved reliance by Judge Torsen, the district court judge, on her earlier representations, putting her squarely within a judicial estoppel scenario. Well, how did she get a litigation advantage? How does that give her a litigation advantage, which is part of judicial estoppel? Because the only position that the government is in at that point is still just having to defend on the original claims. Well, I don't think the term- I guess I would view- I would read alternative systems concepts a little more broadly than simply saying a strict litigation advantage over the opposing party. The requirements for judicial estoppel are inconsistency between a prior estoppel position and subsequent estoppel position. And success by the party to be estopped in persuading the court to accept its prior position. Now, a related benefit, but alternative systems makes clear that it's not necessary, is a related condition to the second condition, is whether the judicial acceptance of the initial position conferred a benefit to the party. It did confer a benefit to Ms. Wilson, at least in her counsel's eyes, because that's where she wanted to be back in the federal circuit. Now, it didn't necessarily provide her with a- But how about this? I guess just as following up on Judge Thompson's question about what the nature of the representation was that's triggering the estoppel. What if we understood her as saying, I want to be in the federal circuit if I can be. And then the district court says, OK, go to the federal circuit. Then she learned she can't be, even on the best day, she can't be, it turns out. So now she's back in the district court saying, well, I told you before, I'd rather not be here if I can be there. But since I can't be there, I guess I've got to be here. So now I'm here. What's wrong with reading it that way? And why at that point wouldn't it make sense to say, oh, I see you really weren't taking inconsistent positions in the strongest sense. You're trying to game me. You're trying to figure out which court to be in. It's a complicated scenario. You thought, save everybody time, be in the federal circuit. Federal circuit says I won't hear it. And then she said, well, this is the only place I can be. This is where I'm bringing my claim. What's wrong with reading it that way? Because this is not just a venue situation. It's not a question of where she wants to be. It's a question of the substantive claims that she intends to pursue and the issues that will be in front of the court. And from my perspective, at least the government's perspective. Yes, but I understand. I appreciate that. That's true. It's not true venue. It's just that it's it's a pretty odd case in the sense that, as you conceded, the face of the complaint suffices to get you into the federal district court. So long as you say the right words about what you think that complaint says. That's just unusual. It is. And and it's it's it's a situation where judicial estoppel doesn't often raise its head. However, this time, Mr. Mr. Osborne, I would have thought that it wouldn't have made a difference to the V.A. in terms of preserving evidence, whether it thought it was facing just an arbitrary and capricious assertion as to the administrative decision, or whether it thought it was facing a discrimination case. And that while all of this is going on, which took some years, in fact, there was no preservation of evidence as to any potential discrimination claim. And so from my point of view, this is not entirely a neutral situation that in many ways the defendant V.A. is left in a worse position precisely because of her varying changes of theory. Am I wrong? That's a fair point, Your Honor. Obviously, that that's more relevant to our timeliness. Yes, it is. But obviously, the mere passage of time as this case was being shuttled back and forth does does impose some constraints on the V.A.'s ability. But am I right that the reason you started off talking about subject matter jurisdiction is because the argument for her being able to amend is substantially hurt if there's no subject matter jurisdiction? Whereas if there was subject matter jurisdiction, then maybe the amendment point matters, or am I wrong about that? Well, I think you're giving me more credit than I deserve. I simply started with subject matter jurisdiction because that came first. Well, am I right or wrong about that? I will say, Your Honor, that I don't think based on the very simple facts that are required to evaluate the timeliness issue, the amendment is futile. Given that we know when her counsel knew of the initial decision, we know when her counsel knew of the date. But we have to if to rule for you, if we don't say there was a subject matter jurisdiction part, this court would have to resolve that point in the record about timeliness in order to rule for you, correct? And of course, and of course, the court can because this is the record is so clear on that. There are basically three facts that are that are required to to to make a ruling. So, I mean, once again, just to try to pin this down, the subject matter jurisdiction is based on the untimeliness of the transfer of the case from the federal circuit. No, Your Honor, our position is subject matter jurisdiction is based on judicial estoppel. The waiver of the plaintiff's ability to bring those disavowed discrimination claims in the district of Maine. The timeliness issue, that's a that's a 12 v. 6 approach, Your Honor. And again, that's a 12 v. 6 issue that this court can can rule on and rule on quite easily. And just so I understand the subject matter jurisdiction point, the idea is if she's disavowing the discrimination claims, all the claims she's got less, in your view, are claims that have to be heard by the federal circuit. I believe so, Your Honor. Yeah, and that's just a statutory jurisdiction point. It's not about timeliness or anything. Correct. But see, that's what I'm saying is that if we if we get past that, if she got past that hurdle because we thought there was a problem with the judicial estoppel because of this odd circumstance about her representation being determinative of the subject matter jurisdiction. You might still win on timeliness, but that would depend on our reading of the record about notice and when she got it, etc. But did the district court make a ruling on any of those points? Well, the district court, the district court, I will concede the district court's order is not particularly. Right, it's not very clear. However. If we think if we think there was a subject matter jurisdiction here because judicial estoppel was wrong, one prudent thing we might do would be to vacate and remand for the district court to then consider that timeliness point. That is that is certainly a remanded clarification, which would be an option. I do not think the court needs to do that. But is there a prejudice to the government? I mean, just back to Judge Lynch's question before we end. In terms of the prejudice to the government, I may have missed it in your brief. I didn't understand the government to have identified to us or to the district court the way in which you'd be prejudiced if the case was allowed to go forward in the district court. I'm mistaken about that. Well, beyond, as Judge Lynch mentioned, the impact of time on an already challenging ability to to create a record. But with the subject matter jurisdiction point, there was there's nothing in that regard. That's correct. OK. Thank you. Thank you. Thank you. I think he was turning to Mr. Yeah. Yes, and I'm I really want to fill these two minutes as as much as possible, because I just think that there's a deep misapprehension of how this case was litigated and what's at stake. I want to point the court to J.A. Seventy nine to eighty one, where the federal circuit says it cannot adjudicate any of Miss Wilson's claims if she does not bring a freestanding discrimination claim. But she has claims in this case that, although they may have some nexus with discrimination, are not discrimination claims. It cannot be that no court has jurisdiction to hear Miss Wilson's claims. And even if she had given up discrimination as a claim, those those counts don't have anything to do with discrimination. And so it is difficult to understand how that may end up in the federal circuit. Is that a complaint about the federal circuit's ruling or district court's ruling? I but you're it's it is in some sense is just a point that this this case now has law of the case on this question issued by the federal circuit. It's not clearly wrong. And she she did not learn that until the last time she went to the District of Maine when she was transferred to the federal circuit. The court said she is not she's made it clear she is not bringing a discrimination claim. But as I think you were exactly right, Judge Barron, she was not saying. But if no court can hear my claim unless I bring a discrimination claim, I'll bring a discrimination claim. She could not. Waiver is the voluntary relinquishment of a known right. Her rights were never known until she was transferred until she was transferred the last time back to me on a stopper. When she I'm sorry, when she when she when she when she said to the federal circuit that she was not bringing a discrimination claim, did she argue what claim she was bringing? And was it right? Yes, she she attempted to unmix this case. And but under the federal circuit's view of mixing of what makes a case mixed, she was wrong. You can't unmix this case. This case has to be a mixed case no matter how it proceeds on any of the claims. And she really was thought that that was not true. And the Supreme Court has not definitively said whether it's true or not, how you unmix a case like this one. But it's now the law of the case in this case that she's supposed to be in Maine. And she she even apologized to the federal circuit, said I thought that it would get me federal jurisdiction here. So please allow my claims to go forward. They had to dismiss her case, find it was in the interest of justice and transfer it back. Yes, your honor. For me, if you have another question, feel free. But do do do you agree with the V.A. that there's been no finding by the district court on the timeliness issue? If we got to that. There's been no finding by the district court on the timeliness issue, and there are many ways that the district court could address that, I think that would be appropriate. I can I say just one more word and I know I'm over time about what you do like 10 seconds. Go ahead. Yes. Judicial estoppel. The government consented to going to the federal circuit and consented to coming back. Thank you, your honors. Thank you. We urge you to reverse. That concludes argument in this case, Attorney Tutte and Attorney Osborne. You should disconnect from the hearing at this time.